# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW CRAWFORD, #R-63656, )
)
      **Plaintiff,** )
)
vs. ) CIVIL NO. 11-cv-007-JPG
)
OFFICER TRACY HARRINGTON and )
OFFICER BRADLEY, )
)
      **Defendants.** )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate currently in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a fifty-two year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Upon careful review of the complaint and supporting exhibits, the Court finds that under § 1915A Plaintiff's claim cannot be dismissed at this stage of the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). Prior to the incident about which Plaintiff complains, Plaintiff and his former cellmate were brought before the adjustment committee regarding contraband discovered in their cell. Before the hearing, Plaintiff's former cellmate threatened to physically harm Plaintiff if he refused to "carry the weight" of the infraction. Plaintiff refused to do so, and both Plaintiff and his former cellmate were sentenced to disciplinary segregation. Plaintiff reported the threat to the officers on duty, Defendant Harrington and Officer Drake. Later, Officer Drake was replaced by Defendant Bradley, and Plaintiff witnessed Officer Drake inform Defendant Bradley about the threat against Plaintiff.

On July 21, 2010, Plaintiff's cellmate was placed on the same segregation yard as Plaintiff for recreation, and proceeded to approach and severely beat Plaintiff. As a result of the encounter, Plaintiff suffered a fractured skull along with bone and nerve damage to his jawline and left eye socket. The damage caused was so severe that Plaintiff had to be taken for outside medical assistance.

Plaintiff asserts that Defendant Harrington and Defendant Bradley were aware of the threat against his safety and failed to protect him by disregarding the risk and placing Plaintiff

and his cellmate on the same segregation yard. Plaintiff requests compensatory and punitive damages.

**Discussion:**

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also, Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); *Lutrell v. Nickel*, 129 F.3d 933, 935 (7th Cir. 1997). However, the mere occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas*, 708 F. Supp. 212, 214 (N.D. Ill. 1989). In order to establish a claim for failure to protect under the Eight Amendment, the plaintiff must demonstrate (1) that he suffered a sufficiently serious injury; (2) that he was incarcerated under conditions imposing a sufficient risk of serious harm; and (3) that the defendants knew about the risk yet disregarded it. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

The fact that Plaintiff was seriously injured as a result of being incarcerated under conditions imposing a serious risk of harm is not enough to state a claim if the risk had been imposed negligently or inadvertently. The harm must be a result of deliberate indifference to the inmate's safety. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A showing of deliberate indifference requires the plaintiff to establish that the defendants had actual knowledge of the risk, which in failure to protect cases is most often demonstrated by showing that the plaintiff complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Here, Plaintiff informed Defendant Harrington of the specific threat that Plaintiff's former cellmate had made

against him and also witnessed Defendant Bradley being informed of the threat.

For Plaintiff to make out a claim for failure to protect, he must show that he suffered a serious injury. *Borello*, 446 F.3d at 747. "A serious injury or medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). In the instant case, Plaintiff sustained multiple injuries, including a fractured skull, that were severe enough for him to require outside medical assistance from two different hospitals. These injuries were sustained because Plaintiff and his former cellmate were placed together on the yard despite the fact that Plaintiff had reported the specific threat that his former cellmate had made against him.

While liability does not lie on prison officials for all injuries sustained by an inmate at the hands of another prisoner, Plaintiff's allegations state a claim against Defendant Harrington and Defendant Bradley for failure to protect that cannot be dismissed at this stage.

**Disposition**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Harrington and Bradley (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 18, 2011**

*s/J. Phil Gilbert*
**United States District Judge**